NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000433
23-APR-2018
08:01 AM

NO. CAAP-17-0000433

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a
Christiana Trust, not individually but as
Trustee for Pretium Mortgage Acquisition Trust,
Plaintiff-Appellee, v. JOYAL YASUDA and VIRGINIA
PAAKONIA, individually and as Co-Trustees of the
Virginia Paakonia Revocable Living Trust, dated
March 15, 1995, Defendants-Appellants, and
MIL RAVIEL ROHAN, fka MILLIE GERALDINE ROHAN;
UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY,
INTERNAL REVENUE SERVICE; DIRECTOR, DEPARTMENT OF
TAXATION, STATE OF HAWAII, Defendants-Appellees, and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10, and
DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 15-1-345K)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth, J.;
with Ginoza, J., concurring)

Defendant/Counterclaim Plaintiff/Cross-claim Plaintiff-Appellant Joyal Yasuda (**Yasuda**), Individually and as Co-Trustee of the Virginia Paakonia Revocable Living Trust dated March 15, 1995, appeals *pro se* from the Judgment entered on April 19, 2017, in the Circuit Court of the Third Circuit (**Circuit Court**), in favor of Plaintiff/Counterclaim Defendant-Appellee Wilmington

Savings Fund Society, FSB, dba Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust (Wilmington), and against all defendants (Judgment).[1] Yasuda also challenges the Circuit Court's Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment as Against all Defendants and for Interlocutory Decree of Foreclosure, also entered April 19, 2017 (Foreclosure Decree).

In her points of error on appeal, Yasuda contends that the Circuit Court erred by granting Wilmington's November 7, 2016 Motion for Summary Judgment as Against all Defendants and for Interlocutory Decree of Foreclosure (Motion for Summary Judgment) on multiple grounds.[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Yasuda's points of error as follows:

Yasuda argues, *inter alia*, that Wilmington failed to establish that it had standing to bring this foreclosure action and relies in part on the Hawaiʻi Supreme Court's decision in Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 390 P.3d 1248

---

[1]    The Honorable Melvin H. Fujino presided.

[2]    Notwithstanding Wilmington's arguments, we decline to dismiss this appeal pursuant to Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b) because Yasuda's statement of the case is allegedly misleading and Yasuda did not provide adequate record cites in her points of error section. Upon review, the alleged non-compliance with HRAP Rule 28(b) does not warrant dismissal in this case. See Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (Hawaiʻi Supreme Court "has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible." (internal quotation marks omitted)).

(2017). In Reyes-Toledo, the supreme court held that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing or entitlement to enforce the subject note at the time the action was commenced. 139 Hawai'i at 367-71, 390 P.3d at 1254-58. The supreme court stated, *inter alia*, that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. (citations omitted). The supreme court also stated, "[a] foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" Id. (internal brackets omitted) (quoting Mottl v. Miyahira, 95 Hawai'i 381, 388, 23 P.3d 716, 723 (2001)). In concluding that the foreclosing bank failed to satisfy its burden as the movant for summary judgment, the court reasoned, "Although Bank of America produced evidence that it possessed the blank-indorsed Note at the time it sought summary judgment, a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise a holder, at the time it brought the foreclosure action." Id. at 370, 390 P.3d at 1257.

In U.S. Bank, N.A. v. Mattos, 140 Hawai'i 26, 29, 398 P.3d 615, 618 (2017), summary judgment was also granted in favor of the foreclosing bank, U.S. Bank. On appeal, the supreme court addressed whether relevant loan documents had been properly admitted through the declaration of an individual named Richard Work (**Work**), as records of regularly conducted activity under Hawai'i Rules of Evidence (**HRE**) Rule 803(b)(6). Id. at 28, 30-33, 398 P.3d at 617, 619-622. In his declaration, Work attested, *inter alia*, that he was a "Contract Management Coordinator" of OCWEN Loan Servicing, LLC (**Ocwen**), the "servicer" for U.S. Bank on the subject loan. Id. at 30-31, 398 P.3d at 619-20. Because Work did not attest that he was the custodian of records for either U.S. Bank or Ocwen, the supreme court noted that "the documents attached to his declaration are admissible under the HRE 803(b)(6) hearsay exception only if he is a 'qualified witness' with respect to those documents." Id. at 32, 398 P.3d at 621. The supreme court applied its analysis in State v. Fitzwater, 122 Hawai'i 354, 365-66, 227 P.3d 520, 531-32 (2010) and ruled as follows:

> To the extent the ICA ruled that Work's declaration established him as a "qualified witness" with respect to Ocwen's records, we agree. To the extent the ICA opinion concluded that Work met the requirements to be a "qualified witness" with respect to U.S. Bank's records, however, we disagree. Fitzwater addresses situations in which one business receives documents created by another business and includes them in its own records. Work's declaration does not indicate that U.S. Bank's Records were received by Ocwen and incorporated into the Ocwen Records. Work's declaration also does not establish that Work is familiar with the record-keeping system of U.S. Bank. Rather, Work merely states that he has access to and is familiar with U.S. Bank's records. Thus Work's declaration does not satisfy foundational requirements to make him a "qualified witness" for U.S. Bank's records pursuant to Fitzwater.

Id. at 32-33, 398 P.3d at 621-622.

In light of its prior ruling in <u>Reyes-Toledo</u>, the supreme court in <u>Mattos</u> further held that:

> [s]ince [an] allonge was apparently used to specifically indorse the note to U.S. Bank, admissible evidence was needed to demonstrate that U.S. Bank was in possession of the note and allonge at the time of the filing of this foreclosure complaint for U.S. Bank to be entitled to summary judgment.

<u>Id.</u> at 33, 398 P.3d at 622. The supreme court noted that Work's declaration did not attest that U.S. Bank possessed the original note and allonge when the foreclosure complaint was filed. <u>Id.</u> The supreme court thus ruled that "Work's declaration failed to meet U.S. Bank's burden of establishing facts necessary for a grant of summary judgment." <u>Id.</u>

In <u>Wells Fargo Bank, N.A. v. Behrendt</u>, SCAP-16-0000645, 2018 WL 1325153 at *2 (Haw. Mar. 15, 2018) (designated for publication), summary judgment was granted in favor of the foreclosing bank, Wells Fargo. Wells Fargo had attached a copy of the subject note to its unverified complaint together with an allonge indorsing the note in blank. <u>Id.</u> The supreme court reviewed the admissibility of these documents under HRE Rule 803(b)(6) through a similar declaration as in <u>Mattos</u>[3] attached to Wells Fargo's motion for summary judgment. <u>Id.</u> This declaration was made by Vanessa Lewis (**Lewis**), who was also a "contract management coordinator" for Ocwen, Wells Fargo's loan-service provider. <u>Id.</u> Because Lewis did not attest that she was the custodian of record for either Wells Fargo or Ocwen, the supreme court again observed that the documents attached to her

---

[3] The <u>Behrendt</u> court observed that the Lewis and Work declarations were "nearly identical." <u>Behrendt</u>, 2018 WL 1325153 at *7.

declaration were admissible under HRE Rule 803(b)(6) only if her declaration demonstrated that she was a "qualified witness." Id. at *7 (citing Mattos, 140 Hawai'i at 32, 398 P.3d at 621). The supreme court stated the rule regarding necessary qualifications to admit incorporated records under Mattos and Fitzwater as follows:

> The court in Mattos held that a witness may be qualified to provide the testimony required by HRE Rule 803(b)(6) even if the witness is not employed by the business that created the document or lacks direct, personal knowledge of how the document was created. "There is no requirement that the records have been prepared by the entity that has custody of them, as long as they were created in the regular course of some entity's business." The witness, however, must have enough familiarity with the record-keeping system of the business that created the record to explain how the record was generated in the ordinary course of business.
> Records received from another business and incorporated into the receiving business' records may in some circumstances be regarded as "created" by the receiving business. Incorporated records are admissible under HRE Rule 803(b)(6) when a custodian or qualified witness testifies that the documents were incorporated and kept in the normal course of business, that the incorporating business typically relies upon the accuracy of the contents of the documents, and the circumstances otherwise indicate the trustworthiness of the document.

Behrendt, 2018 WL 1325153 at *7-8 (citations omitted) (citing and quoting Mattos, 140 Hawai'i at 32, 398 P.3d at 621).

In holding that Lewis was not a "qualified witness" under its decision in Mattos, the Behrendt court stated:

> Here, as in Mattos, the Lewis Declaration does not establish that the loan documents were received by Ocwen and then incorporated into Ocwen's records. In addition, although Lewis averred that Ocwen's records relating to the loan were made and maintained in the regular course of Ocwen's business, Lewis asserted only that she had "access to and [was] familiar" with Wells Fargo's records and documents relating to this case. The Lewis Declaration does not establish that Lewis was familiar with Wells Fargo's record-keeping system. It also makes no assertions as to Lewis's familiarity with the record-keeping systems of Funding Group or Option One, which first created the Note and allonges. Thus, the Lewis Declaration satisfies the foundational requirements to make Lewis a qualified witness only with respect to Ocwen's original records about the loan and not any records of Wells Fargo or the loan documents themselves.

> The Lewis Declaration also refers only to the Note and not the allonges that Wells Fargo asserts were used to endorse the Note in blank. As noted, the Lewis Declaration does not establish that Lewis was a qualified witness, and thus she could not have satisfied the requirements of HRE Rule 803(b)(6) with respect to the allonges. But, as with the declaration in Mattos, the Lewis Declaration did not attempt to admit the allonges under the business records exception. Thus, even if the Note fell within the bounds of HRE Rule 803(b)(6), the allonges endorsing it in blank did not because the declaration did not provide the requisite foundation. This is to say that the documents purporting to allow Wells Fargo to enforce the Note were not admissible under the business record exception. Since the documents were not admissible as asserted, Wells Fargo did not meet its burden of establishing facts necessary for a grant of summary judgment.

Id. at *8 (citations omitted) (citing Mattos, 140 Hawai'i at 32-33, 398 P.3d at 621-22).

In the instant case, CitiMortgage, Inc. (**CitiMortgage**) filed a complaint on September 29, 2015 (**Complaint**). The Complaint alleged that on July 2, 2008, Millie Geraldine Rohan (**Rohan**) executed a promissory note in favor of Just Mortgage, Inc. (**Just Mortgage**) for $320,000.00 (**Note**), secured by a mortgage on real property executed by Rohan and recorded on July 10, 2008 in the Bureau of Conveyances (**Mortgage**). CitiMortgage alleged that it was the owner of the Mortgage by virtue of a December 3, 2011 assignment of mortgage, that Rohan was in default, and that CitiMortgage was the "holder of the Note" indorsed-in-blank.[4]

Attached to the Complaint was, *inter alia*, the Note together with a single-page allonge dated July 2, 2008,

---

[4] Specifically, the Complaint alleges:

As indicated on Exhibit 1, JUST MORTGAGE, INC. endorsed the Note "pay to the order of" CITIMORTGAGE, INC., Plaintiff herein, which then endorsed it in blank, whereby it became "bearer" paper as defined in HRS § 490:3-109. Plaintiff continues to be the holder of the Note and is entitled to enforce it pursuant to HRS § 490:3-301.

7

apparently executed by a representative of Just Mortgage and specifically indorsing the Note to CitiMortgage (**Allonge**).[5] The Allonge also contains an undated indorsement stamp in the middle of the page, apparently executed by a representative of CitiMortgage indorsing the Note in blank.[6]

Wilmington maintains that CitiMortgage "was in possession of the note at the time it filed the Complaint" and that its evidence is admissible under Mattos and Fitzwater.[7] In support of that contention, Wilmington relies on the following: (1) the Note and Allonge attached to the Complaint; and (2) a declaration dated October 27, 2016, by Cedric Small (**Small**), a

---

[5] The Allonge reads in pertinent part:

ALLONGE TO NOTE DATED JULY 2, 2008
IN FAVOR OF JUST MORTGAGE, INC., A CALIFORNIA CORPORATION
AND EXECUTED BY
MILLIE GERALDINE ROHAN
PAY TO THE ORDER OF
Citimortgage, Inc.
WITHOUT RECOURSE
JUST MORTGAGE, INC, A CALIFORNIA CORPORATION
BY [signature]
MINH LAM
TITLE ASSISTANT VP

[6] This indorsement stamp on the Allonge reads:

Pay to the order of

_____
Without recourse on us CitiMortgage Inc
F/K/A Citicorp Mortgage Inc
D/B/A Citicorp Mortgage Inc in NM, on its own
behalf or as Attorney in Fact for Citibank FSB
Citibank (New York State), Citibank (Nevada) NA,
Citibank NA F/K/A Citibank (West) FSB
[Signature]
Janet L. Sans   Senior Vice President
CitiMortgage, Inc

[7] It appears that the subject mortgage was assigned to Wilmington by Pretium Mortgage Credit Partners I Loan Acquisition, LP through an Assignment of Mortgage dated December 18, 2015, and recorded in the Bureau of Conveyances, State of Hawai'i (**Bureau**). It further appears that CitiMortage assigned the subject mortgage to Pretium Mortgage Credit Partners I Loan Acquisition, LP through an Assignment of Mortgage dated December 5, 2015, and recorded in the Bureau. An order approving the substitution of Wilmington for CitiMortgage and amendment of the caption was entered on May 2, 2016.

"contested foreclosure manager" of Selene Finance LP (**Selene Finance**), the "authorized servicer" of the subject loan for Wilmington, which was attached to the Motion for Summary Judgment.

However, there is no admissible evidence in the record, including the documents and declaration relied upon by Wilmington on appeal, showing that CitiMortgage was the holder of the Note and Allonge at the initiation of the suit. Like the declarants in Mattos and Behrendt, Small did not purport to be the custodian of record for CitiMortgage or Selene Finance. See Mattos, 140 Hawai'i at 32, 398 P.3d at 621; Behrendt, 2018 WL 1325153 at *7. Nor does the Small declaration lay adequate foundation to establish him as a "qualified witnesses" under HRE Rule 803(b)(6) as to CitiMortgage's records under Mattos, as explained below.

As Yasuda points out, the Small declaration does not indicate that he had any familiarity with the record-keeping systems of Just Mortgage or CitiMortgage, to explain how these documents were generated in the ordinary course of business. See Behrendt, 2018 WL 1325153 at *8. In fact, it appears that Small attested that Wilmington "made" the Note and Allonge in the ordinary course of business, which contradicts these documents and contradicts his other statements attesting that the Note and Mortgage were executed in favor of Just Mortgage.[8] Also, like in

_____

[8]    Small attested in pertinent part,

The records regarding the loan that is the subject of this action are made and maintained in the course of Plaintiff's regularly conducted business activity. Entries in those records are made at or near the time of the acts or events recorded in those records by persons having personal

(continued...)

Mattos and Behrendt, Small attested that he was "familiar with the records of Selene Finance LP and with the subject loan," not that he was familiar with the record-keeping systems of Just Mortgage, CitiMortgage, or even Wilmington. See id. Nor does the Small declaration attest that Selene Finance received and incorporated CitiMortgage's records into its own. and relied upon the accuracy of those records, as set out in Mattos.

We conclude that Wilmington did not establish that Small was a "qualified witness" under HRE Rule 803(b)(6) to admit CitiMortgage's records, including the Note and Allonge, which were attached to the Complaint and to Small's Declaration. See Mattos, 140 Hawai'i at 32-33, 398 P.3d at 621-22. Thus, even if Small had attested that CitiMortgage was in possession of the original Note and Allonge at the time the Complaint was filed (which he did not),[9] such a statement would not be admissible for lack of foundation. See id. ("Even if Work's declaration had stated that U.S. Bank records contain the original note, this statement would not be admissible because, as noted, Work's

_____

[8](...continued)
> knowledge of those acts or events. This Declaration is made from personal knowledge and from the records regarding the subject loan. I am familiar with the records of Selene Finance LP and with the subject loan. The attached Exhibits are in those records.

(Emphasis added). Small defines "Plaintiff" as Wilmington. One of the attached exhibits is the Note and Allonge.

[9]     Small attested in pertinent part, "[t]he original copy of the Note is held by Plaintiff at Selene Financing LP, 9990 Richmond Ave S, Houston, TX 77042 (full address where the original Note is held) for Plaintiff. A true and correct copy of the Note (which is in the subject loan records) is attached as Exhibit '1.'" This declaration was made approximately one year and one month after the filing of the Complaint and contains no statement about the possessor of the Note and Allonge on September 29, 2015.

declaration is insufficient to render him a 'qualified witness' as to U.S. Bank's records.")

Lastly, we also observe, like in <u>Mattos</u> and <u>Behrendt</u>, that Small did not attempt to admit the Allonge attached to the Note. Even if the Note were admissible through the Small declaration, Wilmington still failed to authenticate the Allonge. See <u>Behrendt</u>, 2018 WL 1325153 at *8 ("as with the declaration in <u>Mattos</u>, the Lewis Declaration did not attempt to admit the allonges under the business records exception. Thus, even if the Note fell within the bounds of HRE Rule 803(b)(6), the allonges endorsing it in blank did not because the declaration did not provide the requisite foundation.") Because the Allonge was not admissible through Small's declaration, the fact that it is dated July 2, 2008, <i>i.e.</i>, before the filing of the Complaint, is immaterial, contrary to Wilmington's contention.

As Wilmington raises no other arguments about the admissibility of its evidence, we conclude that Wilmington did not satisfy its burden to produce admissible evidence demonstrating that CitiMortgage was entitled to enforce the subject note at the time this action was commenced. See <u>Mattos</u>, 140 Hawai'i at 32-33, 398 P.3d at 621-22. As such, viewing the facts and inferences in the light most favorable to Yasuda, as we must for purposes of a summary judgment ruling, there is a genuine issue of material fact as to whether CitiMortgage was entitled to enforce the subject note at the time this foreclosure action was commenced. Therefore, the Circuit Court erred in granting Wilmington's Motion for Summary Judgment. Accordingly,

we need not reach the other issues and arguments raised by Yasuda in this appeal.[10]

  For the foregoing reasons, we vacate the Circuit Court's Foreclosure Decree and Judgment, both entered April 19, 2017, and remand this case for further proceedings.

  DATED: Honolulu, Hawai'i, April 23, 2018.

On the briefs:

Joyal Yasuda,
Defendant-Appellant, *Pro Se.*

Marvin S.C. Dang,
Summer Okada,
(Law Offices of Marvin S.C.
 Dang, LLLC),
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

---

  [10] Yasuda raises issues regarding the validity of the Mortgage because, in another Circuit Court case, Civ. No. 10-01-247K, the Circuit Court set aside the July 2008 warranty deed conveying the subject property from Yasuda and Paakonia to Rohan, and returned title to Yasuda. We need not reach this issue, among the others raised on appeal, as Wilmington did not establish that its predecessor-in-interest had standing at the initiation of the instant action.